USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

ELYSSA CORPORATION,
ALAN B. SCHILSKY and
LAWRENCE D. SCHILSKY,

                       Plaintiffs,     :     08 Civ. 2766 (KMK)

     -against-

GLOBAL ENGINEERING SECURITY
SYSTEMS, INC., JOHN DOES 1-10,
JANE DOES 1-10 and XYZ CORPS. 1-10,

                    Defendants.

-------------------------------------------------------------x

## CONSENT DECREE

WHEREAS, plaintiffs Elyssa Corporation, Alan B. Schilsky and Lawrence D. Schilsky (collectively, "Plaintiffs") have brought an action against defendant Global Engineering Security Systems, Inc. claiming violations of the copyright, trademark and unfair competition laws of the United States and the statutory and common law of the State of New York; and,

WHEREAS, Plaintiffs and defendant Global Engineering Security Systems, Inc. desire to avoid further litigation; and

WHEREFORE, it is hereby ordered, adjudged and decreed that:

1.     Plaintiffs and defendant Global Engineering Security Systems, Inc. consent to the entry of this Consent Decree.

2.     Plaintiff Elyssa Corporation is the owner of the entire right, title and interest in and to, U.S. Copyright Registration No. TXu 1-571-517 for a computer driver

1

to accompany plaintiff Elyssa Corporation's products (the "Driver Copyright"),

registered on February 13, 2008 and U.S. Copyright Registration No. TX 6-827-011 for

an instruction manual to accompany plaintiff Elyssa Corporation's products (the "Manual

Copyright"), also registered on February 13, 2008.

3.      Plaintiffs Alan B. Schilsky and Lawrence D. Schilsky are the owners of

the entire right, title and interest in and to, U.S. Trademark Registration No. 2786220 and

U.S. Trademark Registration No. 2922177 which cover the marks DIGIVUE and X-

VIEW, respectively, for use in commerce in connection with the production and sale of

computer cards and software (the "Digivue Marks").

4.      Defendant Global Engineering Security Systems, Inc. and its officers,

agents, servants, employees, representatives, successors and assigns, and all persons and

entities acting for, with, by, through, or under them, agree to refrain from infringing in

any manner Plaintiffs' rights in the Driver Copyright or Manual Copyright and are

permanently enjoined and restrained from manufacturing, displaying, selling or

distributing drivers and instruction manuals which are identical or substantially similar to

Plaintiffs' copyrighted driver and manual.

5.      Defendant Global Engineering Security Systems, Inc. and its officers,

agents, servants, employees, representatives, successors and assigns, and all persons and

entities acting for, with, by, through, or under them, agree to refrain from infringing in

any manner Plaintiffs' rights in the Digivue Marks and are permanently enjoined and

restrained from placing the Digivue Marks on their goods or using or displaying the

Digivue Marks to identify their goods.

3

6.      Defendant Global Engineering Security Systems, Inc. shall allow Plaintiffs immediate access to any portion of its website that is accessible to the general public or any of its customers in order to confirm that it is complying with the terms of this Consent Decree and agrees to provide Plaintiffs with any and all passwords required to access those portions of its website, in their entirety, accessible to the general public or any of its customers.

7.      This action is dismissed with prejudice and defendant Global Engineering Security Systems, Inc. shall have no further liability for any of its actions to the date of this Consent Decree which arguably infringed upon the Driver Copyright, Manual Copyright or Digivue Marks.

8.      This Consent Decree constitutes a final judgment binding on all parties to this action.

9.      Nothing herein shall prejudice Plaintiffs' rights against any other entity.

10.     All parties are to bear their own costs, including attorney fees.

[remainder of page intentionally left blank]

11.     This court shall retain jurisdiction for the purpose of enforcement of this

Consent Decree.

Dated: New York, New York
       April _8_, 2008

ENTER:

Kenneth M. Karas, U.S.D.J.

Approved:

EISEMAN LEVINE LEHRHAUPT
& KAKOYIANNIS, P.C.

By:_____

    Eric R. Levine         (EL 7677)
    Stephen L. Weinstein (SW 6261)
    Eric Aschkenasy       (EA 6236)
805 Third Avenue
New York, New York 10022
212-752-1000
Attorneys for Plaintiffs

LAW OFFICES OF GERARD F. DUNNE, P.C.

By:_____

    Gerard F. Dunne        (GD 3323)
156 Fifth Avenue
New York, New York 10010
212-645-2410
Attorneys for defendant Global Engineering
Security Systems, Inc.

GLOBAL ENGINEERING SECURITY
SYSTEMS, INC.

By:_____

2500 West 78th Street, Unit 7
Miami, FL 33016